### CLARK, administrator, *v.* MUTUAL LIFE INSURANCE COMPANY.

BECK, J. 1. Where the application for a policy of life insurance and the policy itself both stipulated, in effect, that the policy should not become binding upon the insurance company until the first premium had been paid during the good health of the applicant, and the agent of the insurance company agreed with the applicant to accept the latter's note in payment of the first premium, there being no question as to the agent's authority to make this agreement, the execution and delivery by the applicant of his said note, or the actual payment of the first premium, during the good health of the applicant, was a condition precedent to the liability of the insurance company upon said policy. *Reese v. Fidelity Life Association,* 111 *Ga.* 482.

2. It appearing from the evidence introduced by the plaintiff that the applicant died before the policy was delivered, and without having paid or tendered the amount of the first premium, and without having tendered or delivered to the company or its agent his note in payment of said premium, the court did not err in granting a nonsuit in an

action brought by the administrator of said applicant upon said policy of insurance.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*

Argued July 1,—Decided November 16, 1907.

Action on insurance policy. Before Judge Littlejohn. Sumter superior court. December 4, 1906.

Clark, the administrator of Moore, deceased, brought suit against the Mutual Life Insurance Company of New York, to recover the amount of a policy alleged to have been issued by said company to plaintiff's intestate. It appears from the record that Moore made an application to the company for a policy of life insurance. The application provided that the policy "shall not take effect until the first premium shall have been paid during my continuance in good health." The policy was issued by the company and forwarded to its agent, F. B. Arthur, at Americus, Ga.; but before it was delivered to Moore the latter died. The defendant in its answer denied liability to the plaintiff, for the reason, among others, that the first premium had not been paid as provided in the application. Upon this issue, F. B. Arthur, the only witness introduced by the plaintiff, testified: "On the 30th day of January, 1906, I was agent of the Mutual Life Insurance Company of New York, at Americus. I remember the agreement I had with Mr. Moore at the time that application was made as to the premium. I was to take Mr. Moore's note for the premium, and wrote him with that understanding. After the policy came, I told Mr. Moore I would bring it up and make settlement with him, and he said that was all right. That is everything that occurred, or was said. I agreed to take his note, and told him it [the policy] was there, and I would bring it down, and he said that was satisfactory. The next morning when I came down town, a few minutes after eight o'clock, I heard that he was dead. I held the policy, and before twelve o'clock that day I mailed it back to the company. He [Moore] never gave his note; never paid the premium at all; paid no part of it." At the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit, which motion the court sustained. Plaintiff excepted.

*W. A. Dodson,* for plaintiff.

*J. H. Gilbert* and *E. A. Hawkins,* for defendant.