655.   FARMERS MUTUAL LIFE PROTECTIVE ASSOCIATION *v.*

ELLIOTT.

RUSSELL, J.   Even if, under the by-laws of a benevolent fraternal associa-
tion or assessment insurance society, no affirmative action is necessary
in order to enforce the forfeiture of a policy of insurance, for non-
payment of dues or assessments, as the case may be, the subsequent de-
mand for the payment of such dues or assessments is a waiver of the
forfeiture, and an acknowledgment that the delinquent policy-holder
is still entitled to the benefits conferred by his contract with the asso-
ciation.                                              *Judgment affirmed.*

Action on insurance policy, from city court of Atlanta—Judge
Reid.   June 22, 1907.

Argued November 13, 1907.—Decided May 18, 1908.

The plaintiff in error, a fraternal association insuring the lives
of its members on the assessment plan, issued to B. P. Elliott, a
member of the association, a certificate of insurance on his life,
May 9, 1906.   He died July 7, 1906.   Meanwhile two assessments
became due.   Notice of one of them was sent to him on May 23,
and, the assessment not having been paid, a letter was sent to him
by the association on June 25, stating that "the time for sending
in the assessment expired on June 23," but that the time would be
extended to July 1; and he was notified that in case of failure to
pay by July 1 his policy would become void.   No payment was
made by July 1, but on July 6 he sent to the association a money
order for the amount of this assessment.   On July 7 the associa-
tion sent to him a letter which said:   "We have to-day received
your remittance for  .  .  assessment on your certificate.  .  .
This amount will be held unapplied until the enclosed health war-
rant has been properly executed and returned to this office, as the
policy has lapsed for several days.   Kindly give this matter your
prompt attention."   The health certificate was not executed.   No-
tice of the other assessment was sent on June 13.   On July 27,
after the death of the insured, one Boyd sent to the association the
amount of the two assessments; and on July 28 the association, in
a letter addressed to the insured, acknowledged the receipt of the
remittance, and stated that it would be held unapplied until an
enclosed health warrant should be executed and returned.   On
August 7, 1906, the association returned to Boyd the amount of his
remittance; and on March 7, 1907, it tendered to the widow of the

insured the amount received from the insured for the first assessment. She refused the tender, and brought suit, as beneficiary, for the amount of the policy. The association set up, in defense, that the insurance had been forfeited by failure to pay assessments. One of the conditions in the insurance certificate was as follows: "Members holding benefit certificate shall be deemed in arrears and stand suspended if their dues and assessments remain unpaid for thirty days after notice has been mailed to their last address, as given to the Supreme Secretary." This provision was also in a by-law of the association, which provided further: "If in arrears, the member shall stand suspended by operation of the law and forfeit all claims to benefits under the certificate. Should the said suspended member wish to be reinstated, he may pay up all dues and assessments due up to the time of applying for reinstatement, and, upon presenting a receipt therefor and a physician's certificate showing him or her in good health, his application may be entertained by the council from which he was suspended, and, in their discretion, restored to membership."

Upon an agreed statement of facts, from which the foregoing appeared, the case was submitted to the judge, to be determined by him without a jury; and he rendered judgment for the plaintiff. The defendant excepted.

*Edgar Latham,* for plaintiff in error, cited: Civil Code, §2135 et seq.; *Georgia Masons* v. *Gibson,* 52 *Ga.* 642 (3); *Harrington* v. *Asso.,* 70 *Ga.* 340; *Wright* v. *Supreme Commandery,* 87 *Ga.* 426; *Haupt* v. *Ins. Co.,* 110 *Ga.* 146; *Hutson* v. *Ins. Co.,* 122 *Ga.* 847, 852; *Bank of Commerce* v. *Ins. Co.,* 125 *Ga.* 552 (3), 557; 16 Am. & Eng. Enc. L. (1st ed.) 83; 21 Id. (2d ed.) 286, 288, 293, 294; Niblack, Ins. & Benefit Soc. (2d ed.) §§289, 291, 306; Illinois Masons *v.* Baldwin, 86 Ill. 479.

*James Davison, Berner, Smith & Hastings,* contra, cited: *Starnes* v. *Asso.,* 2 *Ga. App.* 237; *Wright* v. *Supreme Commandery,* 87 *Ga.* 426; 19 Am. & Eng. Enc. L. (2d ed.) 59 et seq.; 25 Cyc. 871 et seq.; Griesa *v.* Asso., 133 N. Y. 619 (30 N. E. 1146); affirming 15 N. Y. Supp. 71; Mee *v.* Asso., 69 Minn. 210 (72 N. W. 74); Murray *v.* Asso., 90 Cal. 402 (27 Pac. 309); Roswell *v.* Union, 13 Fed. 840; Modern Woodmen *v.* Jameson, 49 Kan. 677 (30 Pac. 460); Farmers Mut. Life Asso. *v.* Koontz, 30 N. E. (Ind. App.) 145; Moreland *v.* Ins. Co., 20 Ky. L. Rep. (46 S. W. 516); Beatty *v.*

Asso., 75 Fed. 65; Stylow v. Ins. Co., 69 Wis. 224 (34 N. W. 151); Jackson v. Asso., 78 Wis. 463 (47 N. W. 733). The following cases were distinguished: Toeller v. Central Verein, 72 N. W. (Wis.) 630; Miles v. Asso., 108 Wis. 421 (84 N. W. 159); Schmidt v. Modern Woodmen, 54 N. W. (Wis.) 264; Leffingwell v. Grand Lodge, 86 Iowa, 273; Carlston v. Supreme Council, 115 Cal. 466 (35 L. R. A. 643).