### FEW *v.* SUPREME LODGE KNIGHTS OF PYTHIAS.

ATKINSON, J.  1.  A fraternal beneficiary society issued to one of its members a certificate of membership in the nature of a policy of life insurance, dated November 1st, 1907, containing, among others, the following provisions:  "The contract evidenced hereby shall not begin until twelve o'clock noon of the day of the date hereof, and then The Supreme Grand Lodge of Knights of Pythias, hereinafter called the Society, will not be liable unless the said member has actually paid the membership fee and made the first monthly payment required while said member is in good health."  Also:  "Said monthly payments will be due and payable to the Secretary of the Section to which the member belongs, without notice, in advance, on the first day of each and every month.  Failure to make any such payment on or before the twentieth day of the month for which the same is due shall ipso facto, from and after such date, forfeit this certificate, subject to the provisions contained in paragraph 7 hereof."  Also:  "All of the conditions and provisions of the contract between the member and Society are conditions precedent to any liability of the Society hereunder, and are to be deemed to be assented to and accepted without the necessity for the member's signature being affixed hereto."  *Held:* The provisions of the certificate above quoted make the payment of the first monthly payment while the insured is "in good health" a condition precedent to any liability of the insurer on the contract.  *Reese* v. *Fidelity Mutual Life Association,* 111 *Ga.* 482 (36 S. E. 637); *Clark* v. *Mutual Life Ins. Co.,* 129 *Ga.* 571 (59 S. E. 283).

2.  The certificate containing the further provision that "no officer or representative thereof, or of any subordinate body thereof, has any right or power, by any statement, agreement, promise or manner of transacting business, to waive the provisions or requirements of the contract between the member and the society, or of the laws, rules, and regulations of the society;" if the first monthly payment was made, not at the inception of this contract, but subsequently to the date of the certificate and while the member was not in good health, acceptance of such payment by a representative of the society, authorized to collect premiums for the latter, ·with knowledge at the time on the part of the representative that the insured was not then in good health, would not be a waiver by the society or estop it from contending that it was not liable because the insured was not in good health when the payment was made. *Springfield Fire &c. Ins. Co.* v. *Price,* 132 *Ga.* 687 (64 S. E. 1074); 3 Cooley's Briefs on Insurance, 2513.  Aliter if delivery of the certificate

and acceptance of the premium were contemporaneous. *Mechanics & Traders Ins. Co.* v. *Mutual Real Estate & Building Association,* 98 *Ga.* 262; *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92), followed in *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703-711 (64 S. E. 993).

3. Under the evidence submitted, it was for the jury to determine whether the insured was in good health when the first monthly payment was made on November 20th, 1907; and if not, then whether the representative of the society, to whom such payment was made, had notice of the fact, and whether the delivery of the certificate and acceptance of the first monthly payment were contemporaneous.

4. The judge erred in directing the verdict.

> *Judgment reversed. All the Justices concur.*
> APRIL 14, 1911.

Action upon insurance policy. Before Judge Meadow. Morgan superior court. March 8, 1910.

*M. C. Few* and *F. C. Foster,* for plaintiff.

*Garrard & Gazan* and *Percy Middlebrooks,* for defendant.