SUPREME LODGE KNIGHTS OF PYTHIAS *v.* FEW.

ATKINSON, J. 1. When the case was before this court on a former occasion (*Supreme Lodge Knights of Pythias* v. *Few,* 138 Ga. 778, 76 S. E. 91), it appeared that the insurance policy on which the action was based contained a provision that the insurer "will not be liable unless the said member has actually paid the membership fee and made the first monthly payment required while said member is in good health." In deciding the case this court construed the foregoing clause, and also held that where "the agent of the society knew the insured was not in good health after the time the application for insurance was received, but before the policy [of insurance] was delivered to the insured, and the agent delivered the policy and received the first monthly payment from the in-

sured with the same knowledge, the society will not be heard to set up as a defense to the suit on the policy that the insured was not in good health at the time of taking out the insurance on his life, but will be held to have waived" the above-quoted condition in the policy. The ruling then made also applies to another condition contained in the same policy, to the effect that the policy should be void if the insured made false answers to the questions propounded to him preliminarily to accepting him as a subject of insurance, one of which questions related to the existence of other insurance then carried upon the life of the applicant. See *Few* v. *Supreme Lodge Knights of Pythias*, 136 *Ga.* 181 (71 S. E. 130).

(*a*) The rulings made when this case was before the court on former occasions concluded the insurer, on substantially the same evidence, upon the question whether the agent who delivered the policy and received the first premium was such an agent as that notice to him of facts which would prevent the insurer from successfully setting up failure of the conditions in the policy here involved as a defense to the action was notice to the insurer.

(*b*) The evidence on the last trial did not vary from that on the former, so materially as to change this result.

2. Where the insurer set up in his plea failure of the condition of the policy relating to the existence of other insurance, as above mentioned, the plaintiff, without replication in his pleadings, could meet such defense by showing that the company, at the time of delivering the policy and receiving the first premium, had notice of the insurance alleged to have been omitted by the insured in making answer to the question preliminary to his acceptance as an insurable risk. See *Travelers Insurance Co.* v. *Thornton*, 119 *Ga.* 455 (46 S. E. 678).

3. When the case was last before this court (138 *Ga.* 778) the judgment of the trial court, directing a verdict for the plaintiff, was reversed on the ground that on the issue referred to in the preceding note there was evidence that the insured, at the time of making his answer to the question, carried insurance which he did not mention, and that such evidence was sufficient to carry the case to the jury.

4. On the subsequent trial the plaintiff introduced additional uncontradicted evidence to the effect that at the time of the delivery of the policy and acceptance of the first premium the agent of the insurer who made the delivery and accepted the premium knew of the existence of the insurance which had been omitted from the answer of the insured. Such evidence (under the former rulings in the same case) demanded a finding against the insurer upon which the judgment was formerly reversed.

5. In view of the ruling announced in the preceding note it is unnecessary to consider whether the conditions named in the policy amounted to warranties or representations, or the effect thereof, or any question as to the admissibility of evidence, or the charge of the court in regard thereto.

6. Upon all other matters of defense set up in the plea the evidence is substantially the same as when the case was before this court on a former occasion. 138 *Ga.* 778. At that time the judgment of the trial court directing a verdict for the plaintiff was reversed solely on the ground that there was evidence requiring submission to the jury of the question of other existing insurance; and it was further held that there was no merit in any other of the assignments of error. *Held:*

(a) This ruling extended to all of the several reasons set forth in the bill of exceptions, relied on to show error as complained of in the several assignments of error.

(b) The former ruling became the law of this case, and, under the same pleadings and substantially the same evidence, there was no error in restricting the trial to issues based on the existence of other insurance.

*Judgment affirmed. All the Justices concur.*
August 18, 1914.

Action upon insurance policy. Before Judge James B. Park. Morgan superior court. June 3, 1913.

*Garrard & Gazan* and *Percy Middlebrooks,* for plaintiff in error. *M. C. Few* and *F. C. Foster,* contra.