# RELIANCE LIFE INSURANCE COMPANY *v.* HIGHTOWER.

An insurance company may limit the power of its agent, and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power.

(*a*) The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy.

(*b*) Where the application for a policy of life-insurance and the policy itself stipulate that the insurance shall not become effective until the first premium shall have been actually paid while the applicant is in good health, and that agents are not authorized to modify the policy or extend time for paying a premium, the actual payment of the first premium during the good health of the applicant is a condition precedent to the liability of the insurer; and a local agent of the company could not waive such condition.

(*c*) The formal acknowledgment of the receipt of the first premium in a policy of life-insurance containing the provisions above stated is not conclusive of payment, so as to estop the company from denying the validity of the policy, except in a case of due or unconditional delivery of the policy by the company.

No. 832. FEBRUARY 24, 1919.

Questions certified by Court of Appeals (Case No. 8323).

*Brewster, Howell & Heyman* and *C. N. King,* for plaintiff in error.

*Bryan, Jordan & Middlebrooks* and *Leo Sudderth,* contra.

FISH, C. J. The certified questions, which are sufficiently indicated herein, are based upon the following facts gathered from the questions: An application for life-insurance, signed by the applicant, contained a provision as follows: "I hereby declare and agree that all statements and answers written in this application . . are true, full, and complete, and are offered to the company as a consideration for the contract of insurance, which I hereby agree to accept, and which shall not take effect until the first premium shall have been actually paid while I am in good health and the policy shall have been signed by the duly authorized officers of the company and issued." The policy itself contained, among others, the following provisions: "Agents are not authorized to modify this policy or to extend the time for paying a premium. . . All insurance provided by this policy is based upon the application therefor, a copy of which is hereto attached and made a part of this policy." And it recited: "The payment of the first annual premium being [is] hereby acknowledged." The insurance company, with knowledge that the first annual premium had not in fact been paid, issued the policy and sent it to the company's State agency, which in turn forwarded it to the local agent for delivery to the applicant. The local agent made manual delivery of the policy upon the promise of a third person to pay to the local agent the first annual premium, the third person accepting the note of the applicant for the amount of the premium. The premium was not actually paid by the third person until after the death of the applicant, no demand for payment having been made upon him while the applicant lived. After the death of the applicant the first premium was paid to the local agent, and (less the commission of that agent) was forwarded to the State agency, which retained the amount so received, without an offer to return it, until after suit on the policy, when the company in its plea tendered the amount so received by its State agency to the plaintiff, the beneficiary named in the policy.

Applying to the facts above stated the principles recognized in *Reese* v. *Fidelity Mutual Life Association,* 111 *Ga.* 482 (36 S. E.

637), it must be ruled: (1) It was within the power of the insurance company, as between itself and its agent, to define and limit the powers of the latter. Limitations upon the power of the agent affect all third persons dealing with him, who have knowledge or notice thereof; and any notice of limitations upon the agent's power, which a prudent man is bound to regard, is the equivalent of knowledge to the insured. (2) The stipulation in the signed application, that the insurance "shall not take effect until the first premium shall have been actually paid while I am in good health," coupled with the words in the policy, "Agents are not authorized to modify this policy or to extend the time for paying a premium," were sufficient to charge the applicant with notice that he was dealing with a special agent with limited powers. (3) The actual payment of the first premium during the good health of the applicant was a condition precedent to liability under the policy, and the agent of the company could not waive such condition. We do not overlook the fact that conclusions different from those stated above, upon the facts given, have been reached by many courts. According to the view held by these courts, such condition in the application and policy will be deemed to have been intended to apply only to matters arising after the issuing of the policy, or, in all events, the company will be held to be estopped from relying upon the condition. In this view, if the agent has authority to deliver the policy, the condition of the policy and application to the effect that the policy is not to become effective until the first premium is actually paid is construed as applying to the payment of premiums after the first, and as having no application to the payment of the first premium, which is considered waived by the delivery of the policy to the insured. See the monographic note to *Johnson* v. *Ætna Ins. Co.*, 107 Am. St. R. 92, 99, and especially the authorities recited at page 135 (123 *Ga.* 404, 51 S. E. 339). It might appear at first blush that the view last above referred to has been approved by this court in *Supreme Lodge* v. *Few*, 138 *Ga.* 778, 784 (76 S. E. 91). That decision is really not in conflict with any prior decision of this court. In *Reese* v. *Fidelity Mutual Life Association*, supra, it was recognized that the insurer, by the use of proper terms and provisions in the application or policy, may validly provide that the policy shall not become of force until actual payment of the first

premium, and may further impose limitations upon the power of the agent to waive such provision; and that a contract of insurance, issued by the company and delivered by the agent to the insured, contrary to such provision, and without compliance therewith by the insured, is void, unless the circumstances attending the delivery, or the custom of doing business, shows that the insurer is estopped from relying upon the condition. That decision was approved in the following cases: *Mutual Life Ins. Co.* v. *Clancy,* 111 *Ga.* 865 (36 S. E. 944) ; *Mutual Reserve Asso.* v. *Stephens,* 115 *Ga.* 192, 194 (41 S. E. 679), where it was held that an amendment seeking "to hold the association liable upon an alleged waiver which, by the express terms of the policy, the agent in question had no power to make," was improperly allowed; *Hutson* v. *Prudential Ins. Co.,* 122 *Ga.* 847 (50 S. E. 1000), where it was ruled that an insurer may qualify the authority of a general agent, and "will not be bound by the acts of his agent beyond the scope of his authority, where the person dealing with the agent had notice of such limitations;" *Johnson* v. *Ætna Ins. Co.,* supra (a fire-insurance case), where it was said, with respect to life-insurance contracts: "Unquestionably, as to a matter concerning the time when the contract is to become of force,  .  . the insured, by accepting the policy, would be bound to its terms, and could not set up a waiver which he was bound to know the company's agent had no power to make;" *Atlanta Buggy Co.* v. *Hess Spring Co.,* 124 *Ga.* 338, 341 (52 S. E. 613, 4 L. R. A. (N. S.) 431) ; *Clark* v. *Mutual Life Ins. Co.,* 129 *Ga.* 571 (59 S. E. 283) ; *Brown* v. *Mutual Benefit Life Ins. Co.,* 131 *Ga.* 38, 40 (61 S. E. 1123) ; *Few* v. *Supreme Lodge,* 136 *Ga.* 181 (71 S. E. 130) ; *Williams* v. *Empire Life Ins. Co.,* 146 *Ga.* 246, 248 (91 S. E. 44). See also *Royal Benefit Society* v. *Naylor,* 14 *Ga. App.* 202, 204 (80 S. E. 545) ; *Metropolitan Life Ins. Co.* v. *Thompson,* 20 *Ga. App.* 706 (5), 707 (93 S. E. 299). This court, in *Stephenson* v. *Empire Life Ins. Co.,* 139 *Ga.* 82, 86 (76 S. E. 592), upon review declined to overrule *Reese* v. *Fidelity Mutual Life Asso.,* supra. In view of our own cases, upon the facts given, it must be held that a delivery of the policy by the company to the insured did not result. The recital in the policy to the effect that the first premium has been paid, and the formal acknowledgment of the receipt thereof, will not operate to estop the insurer from contesting the

validity of the policy as a contract of insurance. It would be otherwise if the policy had been duly delivered by the company. In that event such recital would become a covenant of the contract, and it would not be open to the insurer to deny the payment of the first premium for the purpose of avoiding the policy, although the insurer might deny and disprove the recital merely for the purpose of enforcing payment of the first premium. See Ill. Central Ins. Co. v. Wolf, 37 Ill. 354 (87 Am. D. 251, and cases cited in note); Mass. Benefit Life Asso. v. Sibley, 158 Ill. 411 (42 N. E. 137, 51 L. R. A. (N. S.) 735); Mutual Life Ins. Co. v. French, 30 O. St. 240, 253 (27 Am. R. 443); Goit v. National Protection Ins. Co., 25 Barb. 189; Basch v. Humboldt Mutual Ins. Co., 35 N. J. L. 429, 431; Dobyns v. Bay State Beneficiary Asso., 144 Mo. 95 (45 S. W. 1107); Greer v. Mutual Life Ins. Co., 132 N. C. 542 (44 S. E. 28); Kendrick v Mut. Ben. Life Ins. Go., 124 N. C. 315 (32 S. E. 728, 70 Am. St. R. 592, and cases cited in note at page 597). We do not overlook the fact that some courts have held such recital in a policy of insurance to be conclusive on the insurer so far as the validity of the contract is concerned, even where the delivery of the contract was made under circumstances similar to those above stated. The sounder view, in our opinion, is that such recital is not to be given this effect where the possession of the contract was procured by fraud, accident, or mistake, or where the delivery of the policy was made in the teeth of a plain provision therein which the insured was bound to know the agent had no power to waive; and is to be given effect only where the policy has been unconditionally or duly delivered by the company.

In view of what we have said, the mere fact that the "State agency" received the first premium after the death of the insured and did not offer to return it until after suit on the policy did not amount to ratification by the company.

*All the Justices concur.*