THURMOND *v.* SOVEREIGN CAMP WOODMEN OF WORLD.

No. 7790. NOVEMBER 14, 1930.

*R. Howard Gordon* and *Erwin, Erwin & Nix,* for plaintiff.

*Berry T. Moseley,* for defendant.

HINES, J. Bonnie R. Thurmond applied to the Sovereign Camp of the Woodmen of the World and to a local camp thereof for a benefit certificate of insurance upon his life, for the sum of $1,000, payable to his mother as beneficiary. He was initiated in the local camp as a member of this order. He paid to the local clerk $1 for his certificate fee. This local camp was located at Colbert, Georgia. His application was forwarded by the clerk of the local camp to the home office of the order at Omaha, Nebraska, for acceptance, and, if accepted, for the issuance by that office of the benefit certificate. His application was accepted by the sovereign camp at the home office, and the certificate was executed and mailed at Omaha, Nebraska, on November 18, 1927, to the clerk of the local camp at Colbert, Georgia, for the performance by the insured of certain conditions which were made precedent to the delivery of the certificate. On November 23, 1927, the insured called upon the local clerk for the certificate, and stated that he wanted to pay for the same. The local clerk informed him that he did not have the certificate. The insured became sick on November 25, 1927, and died two days later. At all these dates the local clerk was in the employment of Rowe Brothers of Colbert, Georgia, as a bookkeeper. He had a post-office box in his own name at the Colbert post-office; and his mail, including that addressed to him as such clerk, was placed in this box. It was his custom to permit any employee of this firm, who went for its mail, to get all mail in his post-office box, and to bring the same to him at the store. The local clerk left the employment of this firm on January 1, 1928. On January 12, 1928, an envelope, sealed and addressed to the local clerk, was found in the store of this firm under the paper roll, near the thread cabinet, by a member of this firm, and the same was then turned over to the local clerk. This envelope contained the benefit certificate of the applicant, which had been executed at the home office in Omaha, and which had been mailed to the local clerk for delivery upon the performance by the applicant of certain acts which were prescribed by the association as conditions precedent to its delivery. The application of the insured for this benefit certificate stated that the applicant agreed that his application "and all the provisions of the

constitution, laws and by-laws of the society" then in force "shall constitute the basis for and form a part of any beneficiary certificate that may be issued to me by the Sovereign Camp of the Woodmen of the World, whether printed or referred to therein or not." The applicant further therein waived the attaching of copies of the constitution and by-laws of the society to such certificate; and further waived the provisions of all statutory laws and court decisions in relation thereto.

Section 56 of the constitution and by-laws of this association, at the time of the execution of this certificate by the home office, contained this provision: "The liability of the Association for the payment of benefits on the death of a member shall not begin until after his application shall have been accepted by the Sovereign Physician, his certificate issued, and he shall have: First. Paid all entrance fees. Second. Paid one or more advance annual assessments and dues or one or more advance monthly installments of assessments and dues; also signed his certificate slip attached thereto. Third. Paid the physician for medical examination. Fourth. Been obligated or introduced by a Camp or by an authorized deputy. Fifth. Had delivered to him, in person, his beneficiary certificate while in good health. The foregoing are hereby made a part of the consideration for, and are conditions precedent to, the liability for the payment of benefits in case of death."

Section 58(a) of the constitution and by-laws of this association, in force when this certificate was executed at the home office of the association, is as follows: "Upon the delivery of a beneficiary certificate to an applicant he shall pay to the Clerk of his Camp an amount equal to the proportionate part of a monthly installment due from the date his certificate is dated by the Sovereign Clerk, and also pay at least one monthly installment of his annual assessment as covenanted for and one or more monthly payments of Camp dues."

Section 59 of the constitution and by-laws, of force at the time this certificate was executed at the home office, was as follows: "The non-compliance with any of the several conditions precedent named in these laws shall be an absolute bar to any claim on the beneficiary fund of this Association, under or by virtue of any beneficiary certificate that may have been issued, or that may

hereafter be issued to an applicant, or by reason of any steps taken by an applicant to entitle him to the same, or by a subordinate Camp or member thereof; and no deputy, officer, or member of the Sovereign Camp or subordinate Camp has any authority to change, alter, modify, or waive the foregoing requirements or the consequence thereof in any manner."

The certificate sued on this case contains this provision: "This certificate is issued and accepted subject to all the conditions set forth herein and on the reverse side hereof, and the provisions of · the Constitution, Laws, and ·By-Laws of the Association. The articles of incorporation, the Constitution, Laws, and By-Laws of the Association, . . the application for membership and medical examination, signed by the applicant, herein named as member, as approved by the Sovereign Physician of this Association, and this certificate shall constitute the agreement between this Association and the member."

The beneficiary in this certificate filed against this association her equitable petition in which she sought to recover the amount of this benefit certificate. The association pleaded the above provisions of its constitution and by-laws in defense of her equitable action. In reply to the answer of the defendant the plaintiff amended her petition by alleging that the failure of the clerk of the local camp to deliver this certificate, while the defendant was in good health, was due to the negligence of this clerk. The contention of the plaintiff is that the jury was authorized to find that this certificate was delivered to the local clerk, or to some one authorized by him to receive it, in time to have been delivered to the applicant when he called for it on November 23, 1927, and prior to the date when the applicant became sick; and that if it had been so delivered, the applicant would have completed the contract of insurance and the beneficiary would be entitled to the amount for which the life of the applicant was insured under this certificate, upon the ground that equity will consider that done which ought to have been done. The defendant offered in evidence copies of the above provisions of the constitution and by-laws of the society, and of the applicant's application for the benefit certificate sued upon. The plaintiff objected to the admission thereof, upon the ground that the benefit certificate did not contain or have attached thereto copies of the constitution and by-laws of the association,

and the application for the certificate. The court overruled this objection and admitted said evidence. To the admission thereof the plaintiff excepted upon the ground that it violates the provisions of section 2471 of the Civil Code of 1910. On the trial of the case the evidence introduced by the plaintiff and defendant disclosed the facts above set forth. At the conclusion of the evidence the defendant moved that the court direct the jury to return a verdict in its favor, on the ground that under the evidence a verdict for the defendant was demanded. The plaintiff objected to the granting of said motion, on the grounds that a verdict for the defendant was not demanded by the evidence, that under the pleadings and the evidence there were issues of fact for determination by the jury, and that under the pleadings and the evidence the jury would be authorized to find in favor of the plaintiff. The judge overruled these objections, and directed a verdict for the defendant. To this direction the plaintiff excepted.

■ The trial judge did not err in admitting in evidence copies of the application for the benefit certificate sued on in this case, and of the above provisions of the constitution, laws, and by-laws of the defendant, over the objection that the certificate did not contain or have attached thereto copies of this application and of the constitution and by-laws of the defendant, in violation of section 2471 of the Civil Code of 1910. In *Fraternal Life & Accident Association* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915), this court held that the provisions of section 2471 were not applicable to a benefit certificate of a fraternal association, and that in an action on a benefit certificate issued by such order the application, constitution, and by-laws of the order are receivable in evidence as a part of the contract of insurance, although copies thereof are not contained therein or attached thereto. This ruling is controlling in this case; and it follows that the trial judge did not err in admitting the application for the benefit certificate sued on, and the provisions of the constitution and by-laws of the order above referred to and set out.

■ Did the court err in directing a verdict for the defendant under the pleadings and evidence? The answer to this question depends upon the answer to this question: Was the verdict directed in behalf of the defendant association demanded by the evidence? The association did not become liable upon this certificate under its express terms and the express terms of the constitution and by-

laws of the society, unless the application of the member for the certificate had been accepted by the sovereign physician, a certificate of the society had been issued, and the applicant had paid all entrance fees, one or more advance annual assessments and dues, or one or more advance monthly installments of assessments and dues, had signed the certificate slip attached to the certificate, had paid the physician for medical examination, had been obligated or introduced by a camp or by an authorized deputy, and had had delivered to him in person the certificate while in good health. By the express terms of the constitution and by-laws of the society, which were made parts of the contract of insurance, the doing of these things by the insured were conditions precedent to the liability of the society for the payment of benefits under the certificate in case of the death of the member. By the constitution and by-laws of the society non-compliance by the applicant with any of the above conditions precedent was made an absolute bar to any claim on the beneficiary fund of the association under this benefit certificate. It was further provided that no deputy, officer, or member of the sovereign camp or of any subordinate camp had any authority to change, alter, modify, or waive the requirements or the consequence thereof in any manner. The member had not paid all entrance fees. He had paid only the certificate fee of $1, which was tendered back to the beneficiary by the defendant. He had not paid one or more advance annual assessments or dues. He had not paid one or more advance monthly installments of assessments and dues. He had not signed his certificate slip attached to the certificate. The certificate had never been delivered to him in person while in good health. The doing of the above acts were made conditions precedent, by the constitution and by-laws of the society, to the liability of the defendant for the payment to the beneficiary of the benefits provided by the certificate in case of the death of the member. In these circumstances and with these conditions precedent unperformed, is this society liable to the beneficiary sued on in this case?

To recover upon a contract of insurance, such contract must be a completed one. There can be no recovery upon an incomplete contract of insurance. Where the performance of certain acts is required as conditions precedent to the liability under a contract, the contract is incomplete until such conditions precedent have

been performed, and in the absence of their performance there can be no recovery on such incomplete contract. No one can recover on a contract dependent upon the performance of conditions precedent, when such conditions precedent have not been complied with. Under the benefit certificate sued upon in this case and the constitution and by-laws of the society, certain things are made expressly conditions precedent to the liability of the society under its contract. These conditions were not met by the member. It is true that a certificate of membership is not in every case indispensable to the completion of the contract between the member of a benefit society and the society. It is competent, in the absence of a certificate, to look to the constitution and by-laws of the society in order to determine the obligations of the society and the contract between the society and its members. *Social Benevolent Society* v. *Holmes,* 127 *Ga.* 586 (56 S. E. 775) ; *Fraternal Life and Accident Association* v. *Evans,* supra. This is a general rule, unless the issuance of the certificate is required by the constitution and by-laws of the society. Generally, however, to complete the contract of insurance, it is necessary, under the constitution and by-laws of a benefit or fraternal society, that a certificate of membership, conforming to the provisions of the constitution and by-laws of the society, be issued and delivered to and accepted by the applicant or by some one in his behalf. The certificate of insurance is to be regarded as a written contract, and, so far as it goes, is the measure of the rights of the parties. 45 C. J. 11 (§ 8), e. It is generally necessary under the constitution and by-laws of a benefit society that the certificate of insurance be delivered during the lifetime and good health of the applicant; and where delivery is essential to the completion of the contract, no delay caused by the acts of the society can take the place of delivery. 45 C. J. 12 (§ 9), (2).

Where the constitution and by-laws of a mutual benefit society, the application for a benefit certificate in such society, and the certificate itself contain a provision that the policy shall not become operative until the applicant has paid one or more advance annual assessments and dues, or one or more advance monthly installments of assessments and dues, and one or the other of such payments is expressly made a condition precedent to the liability of the society under the certificate, and where neither the one nor the other of such payments has been made by the applicant, the society is not liable

under such certificate, and there can be no recovery thereon by the beneficiary. *Reese* v. *Fidelity Mutual Life Ins. Asso.*, 111 *Ga.* 482 (36 S. E. 637); *Mutual Reserve Fund Life Asso.* v. *Stevens*, 115 *Ga.* 192 (41 S. E. 679); *Clark* v. *Mutual Life Ins. Co.*, 129 *Ga.* 571 (59 S. E. 283); *Few* v. *Supreme Lodge*, 136 *Ga.* 181 (71 S. E. 130); *Reliance Life Ins. Co.* v. *Hightower*, 148 *Ga.* 843 (98 S. E. 469); *Davis* v. *Metropolitan Life Ins. Co.*, 161 *Ga.* 568 (131 S. E. 490); *Volunteer State Life Ins. Co.* v. *McGinnis*, 29 *Ga. App.* 370 (115 S. E. 287); *Penn Mutual Life Ins. Co.* v. *Blount*, 33 *Ga. App.* 642 (127 S. E. 892); 1 Cooley's Briefs on Insurance, 683. Where the constitution and by-laws of such benefit society provide that a failure to make one or the other of the payments of assessments and dues shall be an absolute bar to any claim on the benefit fund of the association under such certificate, and that no deputy, officer, or member of the sovereign camp or any subordinate camp has authority to change, alter, modify, or waive the requirements of such, or the consequence thereof in any manner, which provisions of the constitution and by-laws of the society are made a part of the certificate, such payment could not be waived by the clerk of a local camp of the society. *Reese* v. *Fidelity Mutual Life Ins. Asso.*, supra; *Springfield Fire Ins. Co.* v. *Price*, 132 *Ga.* 687 (64 S. E. 1074); *Few* v. *Supreme Lodge*, supra; *Reliance Life Ins. Co.* v. *Hightower*, supra.

Actual delivery of a benefit certificate is necessary to complete the contract of insurance, where the policy expressly, or by necessary implication, provides that it shall not bind the insurer until such delivery is made. By the constitution and by-laws of this benefit society it was expressly made necessary that the benefit certificate should be ·delivered to the member, to complete the contract; and no delay or negligence on the part of the clerk of the local camp could take the place of such delivery. *New York Life Ins. Co.* v. *Babcock*, 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134); 45 C. J. 12 (§ 9), (2·); 1 Cooley's Briefs on Insurance, 631; Wilcox *v.* Sovereign Camp, 76 Mo. App. 573; May *v.* New York &c. Society, 14 Daly (N. Y.), 389; McLendon *v.* W. O. W., 106 Tenn..695 (64 S. W. 36, 52 L. R. A. 444); Mutual Life Ins. Co. *v.* Otto, 153 Md. 179 (138 Atl. 16, 53 A. L. R. 487), and cit. In *Southern Life Ins. Co.* v. *Kempton*, 56 *Ga.* 339, the agent who solicited the policy, and to whom it was sent for delivery,

waived the payment of the first premium, and there was no limitation upon his authority to make such waiver. In *New York Life Ins. Co.* v. *Babcock,* supra, actual delivery of the policy was not expressly made an essential to the validity of the contract of insurance; and the policy was sent to the local agent for an unconditional delivery to the insured, and nothing remained for the insured to do before he was entitled to its possession.

So we are of the opinion that the trial judge did not err in directing a verdict for the defendant in this case.

*Judgment affirmed. All the Justices concur.*