# JOHN HANCOCK MUTUAL LIFE INSURANCE CO.
## *v*. YATES.

No. 146. Submitted November 18, 1936.—Decided December 7, 1936.

*Messrs. Alex W. Smith, Jr.,* and *Byron K. Elliott* submitted for petitioner.

*Mr. Edgar Watkins* submitted for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In May, 1932, the John Hancock Mutual Life Insurance Company, a Massachusetts corporation, insured the life of Harmon H. Yates, agreeing to pay upon his death $2,000 to his wife. The policy was applied for, issued and delivered, in New York, where he and his wife resided; and they remained there until his death of cancer in the following month. Then his widow removed to Georgia, and brought, in a court of that State, this suit on the policy. The case was tried before a jury.

The Company contended that since the contract was made in New York, the existence of liability thereon is governed by the statutes of that State. It denied liability, upon the ground that answers in the application to the questions whether the applicant was then in good health, so far as he knew, whether he had ever been treated for cancer or indigestion, and whether he had had medical advice for any other disease or disorder during the period of five years prior to making the application, were false; and that these were material misrepresentations.

The Company proved, and it was undisputed, that the applicant had received medical treatment five times within the month preceding the application. It proved, also, that under the law of New York the misstatement made is a material misrepresentation which avoids the

policy, introducing § 58 of the New York Insurance Law,[1] which, as construed and applied in *Travelers Insurance Co.* v. *Pomerantz,* 246 N. Y. 63; 158 N. E. 21 and *Minsker* v. *John Hancock Mutual Life Insurance Co.,* 254 N. Y. 333; 173 N. E. 4, provides that the entire contract between the parties must be embodied in the policy, to which a copy of the application must be physically attached; that when the insured receives a policy, it is his duty to read it or have it read; that if an application incorporated therein does not contain correct answers to questions asked, it is his duty to have the answers corrected; that in case a false answer to a material question is not so corrected, there can be no recovery even on proof that he gave to the examiner the true answer; that the agent of the Company is without power to waive this requirement of the policy; and that the false statement in the application that the applicant had not received medical advice constitutes a material misrepresentation which avoids the policy. It was not denied that such is the law of New York.

The trial court overruled the Company's contention; permitted the plaintiff to testify, in effect, that true answers had been given orally by the applicant to the Company's agent, and that the agent had said that the answers as recorded in the application were correct; submitted to the jury the determination of the question whether the false statement in the application was a material misrepresentation; and, among other things charged that "if a policy is issued with knowledge by the agent of a fact or condition which, by the terms of the contract, would render it void, the insurer will be held to have waived the existence of such fact or condition, and the policy will not be voided thereby." The jury rendered a verdict for the plaintiff; judgment was entered

---

[1] Laws of New York, 1906, c. 326. Cahill's Consolidated Laws of New York (1930), c. 30, § 58.

thereon in the sum of $2,000; that judgment was affirmed by the Court of Appeals of Georgia (50 Ga. App. 713; 179 S. E. 239); and again by the Supreme Court of that State, two judges dissenting (182 Ga. 213; 185 S. E. 268). We granted certiorari because of the claim that the state courts had refused to give to the public acts of New York full faith and credit as required by § 1 of Article IV of the Federal Constitution.

The reason assigned by the Supreme Court of Georgia for its decision appears to be this: Under the law of that State, as elsewhere, the validity, form and effect of contracts are to be determined generally by the law of the place where made, but the character and extent of the remedies and the mode of procedure by the law of the forum. Under its law, false answers to questions in an application furnish ground for avoiding a policy, if the matters involved are material to the risk; but whether the statements are material is a matter of fact to be decided by the jury. And, if the agent of the insurance company incorrectly records answers after the applicant has truthfully replied to the questions, the agent's actual knowledge of the facts will be imputed to the insurer, and the question for the jury then is as to the materiality of the misstatements on the face of the application, viewed in the light of the knowledge imputed to the insurer.[2] The manner in which this question of materiality shall be determined, and the effect of the disclosure made orally by the applicant to the agent, are matters affecting the remedy only, and not the validity, form or effect of the contract. Hence, the full faith and credit clause of the Federal Constitution does not compel the application by

---

[2] Compare *Johnson* v. *Aetna Insurance Co.*, 123 Ga. 404; 51 S. E. 339; *Knights of Pythias* v. *Few*, 138 Ga. 778, 76 S. E. 91; *id.*, 142 Ga. 240, 82 S. E. 627; *Metropolitan Life Insurance Co.* v. *Hale*, 177 Ga. 632; 170 S. E. 875; *National Accident & Health Insurance Co.* v. *Davis*, 179 Ga. 595; 176 S. E. 387.

Georgia of the New York statute in this case. Such is the argument.

The reasoning of the Georgia Court, and the conclusion reached by it, are not sound. No question of remedy is presented. The Company sets up as a defense a substantive right conferred by a statute of New York. The contract of insurance was made, and the death of the insured occurred in that State. In respect to the accrual of the right asserted under the contract, or liability denied, there was no occurrence, nothing done, to which the law of Georgia could apply. Compare *Home Insurance Co.* v. *Dick*, 281 U. S. 397, 408. To sustain the defense involves merely recognition by the courts of Georgia that the parties have by their contract made in New York subjected themselves to certain conditions prescribed by its statute. Such recognition does not give to the New York statute extra-territorial effect. The statute of New York prescribes, or limits, the things which will be effective to create binding contracts of insurance, or terms in them. As construed by the highest court of the State, the statute makes the policy with the application annexed the entire contract between the parties. And it declares that a false answer in the application to the precise question here involved is a material misrepresentation which avoids the policy; and that the fact that a truthful answer was orally given to the agent but not recorded is without legal significance. In so declaring, the statute enacts a rule of substantive law [3] which became a term of the contract, as much so as the amount of the premium to be paid or the time for its payment. The declaration by the statute as construed and applied by the highest Court of New York that the false answer here involved is a material misrepresentation which avoids the policy determines the substantive rights of the parties as fully as if a provision

---

[3] Compare *Aetna Life Insurance Co.* v. *Dunken*, 266 U. S. 389, 393; *Modern Woodmen of America* v. *Mixer*, 267 U. S. 544.

to that effect had been embodied in writing in the policy. To refuse to give that defense effect would irremediably subject the Company to liability. Compare *Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 160. Because the statute is a "public act," faith and credit must be given to its provisions as fully as if the materiality of this specific misrepresentation in the application, and the consequent non-existence of liability, had been declared by a judgment of a New York court. *Bradford Electric Light Co.* v. *Clapper, supra,* at page 155.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.