43606. NAWCAS BENEVOLENT AUXILIARY v. LEVIN.

SUBMITTED MAY 7, 1968—DECIDED JULY 11, 1968.

166

*Syna, Lewis & Appel, Larry D. Lewis,* for appellant.

*Vandiver, Barwick & Bentley, Thomas S. Bentley, John E. Talmadge,* for appellee.

BELL, Presiding Judge. Article VII of the constitution and bylaws of the society provided: "Section 1.—A certificate of membership, duly signed by a representative of the board of directors shall be issued to each member. Section 2.—The constitution and bylaws of the association, the application for membership, statement of acceptability, and all amendments to each thereof, shall be considered in determining the benefits payable to a member, or his beneficiary." Article X provided: "Section 1.—Members who become delinquent in payment of two (2) or more consecutive assessments, or who fail to pay any assessments other than an annual, initiation or membership fee, shall not be entitled to nor shall their beneficiary be entitled to the payment of benefits. . . Section 4.—Payment of an annual, initiation or membership fee or the payment of any enrollment fee, without payment of subsequent assessments, notwithstanding the member's death subsequent to payment of such fee or fees but prior to the levy of an assessment, shall not render the member eligible for benefits." The application for membership stated: "Eligibility for the death benefit is contingent upon receipt of remittance, completion of the attached application, issuance of the NAB certificate, and payment of monthly assessments."

The Supreme Court declared in *Thurmond v. Sovereign Camp W. O. W.,* 171 Ga. 446, 452 (155 SE 760): "It is true that a certificate of membership is not in every case indispensable to the

completion of the contract between the member of a benefit society and the society. It is competent, in the absence of a certificate, to look to the constitution and bylaws of the society in order to determine the obligations of the society and the contract between the society and its members. . . This is a general rule, unless the issuance of the certificate is required by the constitution and bylaws of the society. Generally, however, to complete the contract of insurance, it is necessary, under the constitution and bylaws of a benefit or fraternal society, that a certificate of membership, conforming to the provisions of the constitution and bylaws of the society, be issued and delivered to and accepted by the applicant or by someone in his behalf. The certificate of insurance is to be regarded as a written contract, and, so far as it goes, is the measure of the rights of the parties. . . . It is generally necessary under the constitution and bylaws of a benefit society that the certificate of insurance be delivered during the lifetime and good health of the applicant; and where delivery is essential to the completion of the contract, no delay caused by the acts of the society can take the place of delivery." Here, as in *Thurmond*, recovery by the beneficiary is precluded because the contract of insurance was never consummated, no certificate of membership having been issued to the applicant.

Moreover, Article X, Sections 1 and 4, of the constitution and bylaws of the society clearly require the payment, prior to a member's death, of at least one monthly assessment as a condition precedent to the inception of insurance coverage. See *Few v. Supreme Lodge Knights of Pythias*, 136 Ga. 181 (1) (71 SE 130). The society's retention of the March assessment which was paid by the beneficiary after the death of the applicant would not result in a waiver of this condition, as waiver or estoppel cannot create a contract of insurance coverage where none existed when the loss occurred. 45 CJS 616, Insurance, § 674. In this connection see *National Benefit Life Ins. Co. v. Brown*, 41 Ga. App. 741, 745 (154 SE 469), where it was held that there was no waiver of the insurer's right to a forfeiture where the act of the insurer on which the argument for waiver was predicated occurred after the death of the insured and at a time when the policy itself had become functus officio.

The evidence demanded a verdict for the defendant society. The court erred in denying defendant's motion for directed verdict.

*Judgment reversed. Hall and Quillian, JJ., concur.*