## BALTIMORE & OHIO RAILROAD CO. et al. *v.* UNITED STATES et al.

No. 638.   Argued March 30, 1938.—Decided April 25, 1938.

*Mr. Leo P. Day,* with whom *Messrs. Guernsey Orcutt* and *Anthony P. Donadio* were on the brief, for appellants.

*Mr. J. Stanley Payne,* with whom *Solicitor General Jackson, Assistant Attorney General Arnold,* and *Messrs. Elmer B. Collins* and *Daniel W. Knowlton* were on the brief, for the United States et al.

*Mr. J. V. Norman,* with whom *Mr. Hugh White* was on the brief, for the Alabama Iron & Steel Shippers Conference.

*Messrs. William H. Swiggart, Charles Clark,* and *Elmer A. Smith* submitted on brief for the Cincinnati, N. O. & T. P. Ry Co. et al.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Appellants, nineteen railroads operating within what is known as Central Territory—Ohio, Indiana, Illinois and Michigan—by their bill filed in the District Court, Northern District of Illinois, July 22, 1936, challenged the validity of two Interstate Commerce Commission orders affecting the rate structure on coke moving into that territory from southern points. Questions in respect of these rates have often been before the Commission. The court made findings of fact upon the evidence and dismissed the bill without opinion.

The first challenged order, dated March 11, 1935, followed an earlier suspension of certain proposed schedules and an investigation. It cancelled these schedules and determined what thereafter would be maximum reasonable rates upon a mileage basis. Subsequently, the proceed-

ings having been reopened, this order was modified and reaffirmed. In the circumstances, we think the court below properly declined to pass upon its validity.

The second challenged order, April 30, 1936, followed one entered April 15, 1936, which upon petition and replies reopened the proceedings for reconsideration on the record as it then stood. The later order affirmed former findings that the schedules suspended by the one of March 11, 1935, had not been justified, and prescribed future maximum rates upon a mileage basis. These were lower (some ten per cent.) than those authorized prior to 1935.

Here, counsel specially insist this second order exceeded the jurisdiction of the Commission since it undertook to determine rates concerning which there had been no proper notice or opportunity for hearing. But this contention rests upon an assumed construction of the order not obviously correct. The Commission has not so construed it, nor has that body been asked so to do, or for any further action in respect of it. Another construction brings the order clearly within the jurisdiction assumed by the Commission. In the circumstances appellants cannot prevail on this point.

Appellants further urge that the order is contrary to the weight of the evidence, not supported by substantial evidence, disregards ordinary standards for determining reasonableness of rates, is not supported by necessary findings, and represents a mere attempt to equalize geographical and transportation disadvantages, fortune and opportunities. The findings by the court below we think are adequately supported by the record. They negative these claims and leave no sufficient basis for our interference with the action there taken.

The challenged judgment must be

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE CARDOZO took no part in the consideration or decision of this cause.