W. S. RHODES AND D. G. MATTHEWS, TRADING AS SLADE RHODES & COMPANY, AND A. R. SHERROD (ADDITIONAL PARTY PLAINTIFF), V. SMITH-DOUGLASS FERTILIZER COMPANY, A CORPORATION.

(Filed 17 September, 1941.)

**1. Agriculture § 1a—**

A landlord's lien for rent is superior to all other liens and attaches to the crops raised upon the land by the tenant and entitles the landlord to possession of the crops for the purpose of the lien until the rents are paid, C. S., 2355, and, when it is not required that the lease be in writing, a note for the rent executed by the tenant constitutes mere evidence of the contract.

**2. Agriculture § 2a—**

An agricultural lien for advances, when in writing, takes priority over all other liens except the laborer's and landlord's liens, to the extent of advances made thereunder. C. S., 2488.

**3. Same—**

An agricultural lien for advances executed by the landlord attaches to all the crops grown on the lands embraced within the lien and constitutes a transfer and assignment of the landlord's lien for rents on crops grown by his tenant on such lands, and the lienee is not required to see that the supplies advanced are used upon the farm or by any particular tenant, and his rights as assignee of the landlord's lien for rents may not be defeated by proof that the tenant failed to receive any part of the advances made under the contract.

**4. Agriculture § 4b—Assignee of landlord's lien for rent has priority over assignee of note executed by tenant for rent.**

A landlord executed a lien for advancements on crops produced upon the lands described, including the part of his lands leased to his tenant, which lien for advancements was assigned to defendant who duly furnished advances, but no part of the advances were used upon the land leased the tenant. Thereafter the tenant executed a note for the cash rent agreed upon for the year and the landlord assigned the note to another, who in turn assigned it to plaintiff. The tenant paid the rent

to both plaintiff and defendant and was thereafter joined as a party plaintiff in this action. *Held:* Defendant, as assignee of the landlord's lien for rents, is the owner of the crops raised by the tenant to the extent of the cash rent due and is entitled thereto as against the tenant and the holder of the note for the rent.

APPEAL by A. R. Sherrod, plaintiff, from *Harris, J.,* at March Term, 1941, of MARTIN. Affirmed.

Civil action to recover amount of rents paid by agriculture tenant.

W. M. Highsmith, owner of farm lands, in December, 1938, rented 16 acres thereof to plaintiff Sherrod for the year 1939 for a cash rent of $96.00. On 23 February, 1939, Sherrod executed a rent note therefor to Highsmith. Highsmith assigned the note to Hamilton Supply Company, who in turn assigned it to the plaintiff, Slade Rhodes & Company. On 14 February, 1939, W. H. Highsmith, *et al.,* executed and delivered to the Farmers Supply Company, Inc., a crop lien upon the crop to be cultivated on the lands of Highsmith for the year 1939. This lien described all of the land owned by the said Highsmith. The Farmers Supply Company, Inc., transferred and assigned said lien to defendant and the defendant furnished to Highsmith cash and supplies under the lien to the amount of $375.00, which amount has not been paid.

None of the supplies furnished to Highsmith were received by Sherrod or used by him in the cultivation of the land leased by him.

A controversy having arisen as to the ownership of the rent due by Sherrod, he paid into the clerk's office a sum sufficient to discharge the same and he later agreed that the defendant should receive the same upon its promise to return it in the event it was finally adjudged that it was not entitled thereto. He likewise paid the amount of rent due to the plaintiff Slade Rhodes & Company. After the institution of the action Sherrod was made a party plaintiff.

When the cause came on to be heard the parties entered into a stipulation agreeing upon the facts, waived trial by jury and submitting the cause to the judge presiding for determination. The judge, being of the opinion that upon the agreed statements of facts the defendant is the owner of the crops raised by Sherrod to the extent of the cash rent due, rendered judgment for defendant. Plaintiff Sherrod excepted and appealed.

*B. A. Critcher and D. E. Johnson for plaintiff, appellant.*
*Paul R. Waters and Peel & Manning for defendant, appellee.*

BARNHILL, J. A landlord's lien for rent is superior to that of all other liens and any and all crops raised by the lessee on the lands leased are deemed to be vested in possession of the lessor or his assigns at all

times until the rents are paid. C. S., 2355. As the lease is not required to be in writing, C. S., 2355, the execution of the rent note merely constituted evidence of the contract.

An agricultural lien for advances, when in writing, takes priority over all other liens except the laborer's and landlord's liens to the extent of advances made thereunder. C. S., 2488.

When Highsmith, the landlord, executed the agricultural lien for advances which is now held by the defendant he thereby transferred and assigned, as security for the payment thereof, all crops cultivated during the year 1939 upon the lands described in the lien. At that time as landlord of Sherrod he was vested with the title in possession of crops cultivated by Sherrod as security for the payment of his rent. His contract conveyed his right therein. The lien executed by him takes priority over all other claims and is superior to any right of the plaintiff Slade Rhodes & Company. Thus it is written in the statute.

While it is agreed that Sherrod received no part of the advances made under the agricultural lien this will not avail him. The lienee discharged his obligation when he furnished the supplies to the lienor. He is not required to see to it that such supplies are used upon the farm or by any particular tenant. *Womble v. Leach,* 83 N. C., 84; *Wooten v. Hill,* 98 N. C., 48; *Collins v. Bass,* 198 N. C., 99, 150 S. E., 706. Under the statute the rights of the holder of the lien may not be defeated by proof that the tenants of the landlord-lienor failed to receive any part of the advances made under the contract.

The appellant cites and relies upon *Clark v. Farrar,* 74 N. C., 686, contending that the prerequisites of a valid agricultural lien as therein defined have not been met by the defendant for that it is admitted that no money or supplies were advanced to plaintiff Sherrod. The decision is sound but the contention is not. The defendant met its obligation when it made advances to the landlord, the lienor. The risk that the landlord might create a lien upon the crops to be raised by Sherrod, which has been so unfortunate for him, was assumed by him when he entered into his contract of rental. *Thigpen v. Leigh,* 93 N. C., 47; *Thigpen v. Maget,* 107 N. C., 39.

The facts disclose that the defendant is entitled to the $96.00, proceeds of crops raised by Sherrod. Hence, we concur in the conclusion of the court below. The judgment below is

Affirmed.