W. H. BULLINGTON v. FURMAN ANGEL.

(Filed 17 September, 1941.)

1. **Mortgages § 36—**

Ch. 36, Public Laws 1933, Michie's Code, 2593 (f), providing that the mortgagee or trustee or holder of notes for balance of the purchase price of real property, executed after the effective date of the statute, "shall not be entitled to a deficiency judgment" operates to deprive our courts of jurisdiction to enter the deficiency judgments proscribed, and the statute applies to all such deficiency judgments, including those predicated upon

notes. secured by mortgages or deeds of trust executed in another state upon realty lying therein.

**2. Constitutional Law § 23: Courts § 14—Denial of deficiency judgment on notes executed in another state does not impinge Full Faith and Credit Clause.**

> This action was instituted to recover a deficiency judgment on notes secured by a deed of trust executed in the State of Virginia on real estate situate in Virginia. Defendant demurred on the ground that the complaint failed to state a cause of action for that it appeared upon the face of the complaint that the action was to recover a deficiency judgment for the balance of the purchase price of realty on notes executed subsequent to the effective date of ch. 36, Public Laws 1933, Michie's Code, 2593 (f). *Held:* Judgment sustaining the demurrer does not impinge the Full Faith and Credit Clause of the Federal Constitution or violate the general doctrine that a contract will be construed in accordance with the laws of the state wherein it is executed, since the statute operates upon the adjective law and not the substantive law and procedural matters are governed by the *lex loci.*

APPEAL by defendant from *Alley, J.,* at April Term, 1941, of MACON.

*Morphew & Morphew and R. Roy Rush for plaintiff, appellee.*
*Jones & Jones and Jones, Ward & Jones for defendant, appellant.*

SCHENCK, J. The plaintiff alleges in effect that he contracted in the State of Virginia with the defendant for the sale and purchase of a tract of land in Virginia, that he executed a deed to the defendant for said land, and the defendant paid him a part of the purchase price and executed to trustees a deed of trust on said land to secure several notes representing the balance of the purchase price therefor; that there was a default in the payment of one of said notes when due, and plaintiff exercised the right given in said deed of trust to declare the remaining notes due, and called upon said trustees to sell the land to provide funds with which to pay the unpaid notes; that said trustees advertised and sold said land and applied the funds arising therefrom to the payment of said notes; that after such application of such funds there was a deficiency still due on said notes and this action is to recover such deficiency.

To the complaint the defendant filed a demurrer upon the ground that it failed to state facts sufficient to constitute a cause of action, for that it appears from the face thereof that the action is to recover a deficiency judgment on notes given for the purchase price of real estate.

The court entered judgment overruling the demurrer, to which the defendant preserved exception and appealed.

The question presented is: When it appears from the complaint that the notes and deed of trust upon which the action is predicated were executed subsequent to 6 February, 1933, in Virginia, and relate to real

estate in Virginia, do the provisions of the law of North Carolina, ch. 36, Public Laws 1933 (N. C. Code of 1939 [Michie], sec. 2593 [f]), prevent the holder of the notes secured by such deed of trust from obtaining a deficiency judgment thereon in the courts of North Carolina? The answer is in the affirmative.

Section 1, ch. 36, Public Laws 1933, which was ratified 6 February, 1933, in part, reads: "In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust hereafter executed, or where judgment or decree is given for the foreclosure of any mortgage executed after the ratification of this act to secure payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same; . . ."

It will be noted that the limitation created by the statute is upon the jurisdiction of the court in that it is declared that the holder of notes given to secure the purchase price of real property "shall not be entitled to a deficiency judgment on account" thereof. This closes the courts of this State to one who seeks a deficiency judgment on a note given for the purchase price of real property. The statute operates upon the adjective law of the State, which pertains to the practice and procedure, or legal machinery by which the substantive law is made effective, and not upon the substantive law itself. It is a limitation of the jurisdiction of the courts of this State.

The Legislature, within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State. The Legislature has exercised its prerogative to so limit the jurisdiction of the courts of this State that holders of notes given for purchase price of real estate are not entitled to a deficiency judgment thereon in such courts. We cannot hold that this action upon part of the legislative branch of our government impinged the full faith and credit clause of the Constitution of the United States or the general doctrine that the validity of a contract is determined by the law of the place where made, the *lex loci contractus* as distinguished from the *lex fori*. Both the constitutional provision urged and the general doctrine invoked by the appellee are substantive law and the statute involved, as aforesaid, relates solely to the adjective law. No denial of the full force and credit of the Virginia contract is made, and no interpretation or construction of the contract involved is attempted. The court, being deprived of its jurisdiction, has no power to render a judgment for the plaintiff in the cause of action alleged. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon

authority than upon principle." *Ex parte McCardle,* 7 Wall (74 U. S.), 506, 19 Law Ed., 264.

It would be an anomaly to hold that the courts of North Carolina are closed to a plaintiff having a claim for a deficiency on notes secured by real estate in North Carolina and are yet open to a plaintiff having a similar claim secured by real estate in a state other than North Carolina.

The court should have sustained the demurrer and dismissed the action, and to the end that this may now be done the case is remanded to the Superior Court.

Reversed.