**BULLINGTON v. ANGEL.**
**Civil Action No. 385.**

District Court, W. D. North Carolina,
Asheville Division.

Aug. 3, 1944.

W. Roy Francis, of Waynesville, N. C., and R. Roy Rush, of Roanoke, Va., for plaintiff.

Jones, Ward & Jones, of Asheville, N. C., for defendant.

WEBB, District Judge.

The sole question presented by the agreed statement of facts is whether the provisions of the Law of North Carolina, Chapter 36, Public Laws 1933, bar the plaintiff from maintaining this suit in this Court. This statute undertakes to prevent any person from securing a deficiency judgment "on account of such mortgage, deed of trust or obligation secured by the same."

This plaintiff, in spite of the statute, brought suit in the Superior Court of North Carolina, to secure judgment on the unpaid notes amounting to Three Thousand One Hundred Dollars ($3,100), which is admitted was a deficiency. The Superior Court Judge held that the plaintiff was entitled to recover but, when the case was carried to the Supreme Court of North Carolina, 220 N.C. 18, 16 S.E.2d 411, 412, it reversed the holding of the Superior Court Judge and denied the plaintiff the right to recover in the state court.

Judge Schenck in writing the opinion of the Court, among other things said: "It will be noted that the limitation created by the statute is upon the jurisdiction of the court, in that it is declared that the holders of notes given to secure the purchase price of real property 'shall not be entitled to a deficiency judgment on account' thereof. This closes the courts of this state to one who seeks a deficiency judgment on a note given for the purchase price of real property. * * * It is a limitation of the jurisdiction of the courts of this state."

Do this statute and the decision of the Supreme Court likewise limit the jurisdiction of the federal court?

I think not. During my nearly twenty-five years on the federal bench, I have

scrupulously respected and guarded the rights of the states, but I cannot now go so far as to hold that the Legislature of North Carolina can deprive a non-resident of the right to come into this Court and sue a local defendant to recover an amount in excess of three thousand dollars which is admittedly due the plaintiff.

The plaintiff is a resident of Virginia. The land mortgaged lies in Virginia. The deed of trust signed by the defendant was a Virginia contract and the notes signed by the defendant were made payable at a bank in Roanoke, Virginia.

It is the contention of the defendant that the state has established its public policy closing the doors of its courts to deficiency judgments and that a federal court sitting in this state is bound by the act of the Legislature.

■ The jurisdiction of this Court so far as the present case is concerned is conferred by the United States Statute in the following language: "The district courts shall have original jurisdiction as follows:

"First. Of all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds * * * the sum or value of $3,000 and * * * is between citizens of different States * * *." 28 U.S.C.A. § 41(1).

In the case of Barrow S. S. Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 530, 42 L.Ed. 964, the Court said: "The jurisdiction so conferred upon the national courts cannot be abridged or impaired by any statute of a state."

In the case of Stephenson v. Grand Trunk Western R. Co., 7 Cir., 110 F.2d 401, 405, 132 A.L.R. 455, it was held that the State of Illinois could not close the doors of the federal courts in Illinois for a wrongful death occurring in Michigan. The Legislature of Illinois passed a statute forbidding the bringing or prosecution of any action in Illinois to recover damages for death by wrongful act occurring outside the state.

Judge Major, Circuit Judge, speaking for the Court, among other things, said:

"Defendant argues that the decision in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, requires a federal court to follow a state policy as expressed in legislative enactment, or the decisions of its courts. We do not think this case has any application, even though the court was considering the construction to be given section 34 of the Federal Judiciary Act, 28 U.S.C. § 725, 28 U.S.C.A. § 725.

"The gist of that opinion is found in the statement of the court on page 78 of 304 U.S., 58 S.Ct. at page 822, 82 L.Ed. 1188, 114 A.L.R. 1487: 'Except in matters governed by the Federal Constitution or by acts of the Congress, the law to be applied in any case is the law of the state. * * *' It will be observed that 'matters governed by the Federal Constitution or by Acts of Congress' are excepted, as might be expected."

Judge Major continues: "If Congress or the federal courts have no power or supervision over the state, when acting through its Legislature or its court, it must be equally true that the latter is without power of control or supervision over the federal courts. That which was held in the Tompkins case must be confined, we think, solely to matters of substance and not of jurisdiction. To hold otherwise would lead to the illogical conclusion that the jurisdiction of federal courts not only may be limited, but abrogated by the edict of the state Legislature or decision of the Supreme Court of the state in which the federal court sits. We assume that the state has the power to determine the jurisdiction of its own courts as it sees fit, but it does not follow that likewise it may determine the jurisdiction of the federal court under the theory that the latter is required to follow the public policy of the former."

This case was carried to the Supreme Court of the United States upon a writ of certiorari but was later dismissed without opinion.

I might say that I have read, I think, every decision which bears on this question, and certainly all the decisions referred to by counsel in their argument and briefs, and this case comes nearest fitting the case at bar than anyone that I have been able to find.

The contract sought to be enforced in this Court by the plaintiff is a legal obligation under the laws of the State of Virginia; indeed, there is nothing immoral or illegal about it in North Carolina. The plaintiff is a resident of Virginia, as before stated, and is, therefore, a non-resident of the State of North Carolina and is seeking to enforce in this Court an obligation which is regarded as legal in his state where the

**374**

contract was made and where the notes were payable.

I must, therefore, conclude that the plaintiff is entitled to seek the jurisdiction of this Court regardless of the act of the Legislature of North Carolina, Public Laws of 1933, and is entitled to a judgment for Three Thousand One Hundred Dollars ($3,100), and I have so ordered.