## ANGEL v. BULLINGTON.
### No. 5310.

Circuit Court of Appeals, Fourth Circuit.
July 19, 1945.

R..S. Jones, of Franklin, N. C. (Jones & Jones, of Franklin, N. C., and Jones, Ward & Jones, of Asheville, N. C., on the brief), for appellant.

R. Roy Rush, of Roanoke, Va. (W. Roy Francis, of Waynesville, N. C., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

W. H. Bullington, as vendor, and Furman Angel, as vendee, entered (in Virginia) into a contract (to be performed in Virginia) for the sale of land in Virginia. A deed was duly executed, part of the purchase price was paid, and notes (secured by deed of trust on the land) for the balance of the purchase price were made by the vendee. Upon default in the payment of one of these notes, the vendor, under an accelerating clause in the deed of trust, declared the other notes due and called on the trustees to sell the land. The proceeds of the sale were applied to the payment of the notes, but there was still a deficiency due on these notes.

The vendor sued the vendee for the deficiency in a court of the State of North Carolina. That court overruled a demur-

rer of the defendant, but this ruling was reversed by the Supreme Court of North Carolina, which held that such a deficiency judgment could not be granted by a state court of North Carolina by virtue of a statute of that state, N.C.Code of 1939, Michie, § 2593(f). Bullington v. Angel, 220 N.C. 18, 16 S.E.2d 411, 136 A.L.R. 1054.

The vendor thereupon instituted against the vendee a civil action for the deficiency in the United States District Court for the Western District of North Carolina. Judge Webb, sitting in ʋhat court without a jury, entered judgment in favor of the vendor for the deficiency.

This appeal of the vendee presents a single question. Does the North Carolina statute prevent, as to the contract in question (which is conceded to be valid under the law of Virginia) the recovery of a deficiency judgment in a District Court of the United States, sitting in North Carolina? Judge Webb answered (Correctly, we think) this question in the negative.

The statute of North Carolina reads, in part: "In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust hereafter executed, or where judgment or decree is given for the foreclosure of any mortgage executed after the ratification of this act to secure payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same * * *."

This statute did not render void the obligation, secured by the mortgage or deed of trust, insofar as it furnishes a basis for a deficiency judgment in a foreclosure proceeding. The Supreme Court of North Carolina has construed the statute to be merely a limitation on the jurisdiction of the State courts which closes them to one who seeks such a judgment. When the instant case was before the Supreme Court of North Carolina in Bullington v. Angel, 220 N.C. 18, 16 S.E.2d 411, 412, 136 A.L.R. 1054, Associate Justice Schenck meticulously stated: "It will be noted that the limitation created by the statute is upon the jurisdiction of the court in that it is declared that the holder of notes given to secure the purchase price of real property 'shall not be entitled to a deficiency judgment on account' thereof. This closes the courts of this state to one who seeks a deficiency judgment on a note given for the purchase price of real property. The statute operates upon the adjective law of the state, which pertains to the practice and procedure, or legal machinery by which the substantive law is made effective, and not upon the substantive law itself. It is a limitation of the jurisdiction of the courts of this state."

This interpretation of the statute, which is binding on us, makes it crystal clear that the statute is a limitation on the jurisdiction of the courts; that it operates in the field of adjective or procedural law, not in the realm of the substantive law of rights. It is well settled that when a claim or cause of action exists, and the jurisdictional requisites prescribed by the Constitution and laws of the United States obtain, a federal District Court has jurisdiction; and this jurisdiction cannot be limited or taken away by state statutes. This has been consistently held by the Supreme Court of the United States in a long line of cases. See, Suydam v. Broadnax, 1840, 14 Pet. 67, 10 L.Ed. 357; Union Bank of Tennessee v. Vaiden, 1855, 18 How. 503, 506, 15 L.Ed. 472; Chicago & N. W. Ry. Co. v. Whitton, 1871, 13 Wall. 270, 20 L.Ed. 571; David Lupton's Sons v. Automobile Club of America, 1912, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699. See, also, Moore, Federal Practice, V. I. § 207, p. 208; Dobie on Federal Procedure, § 86, p. 336; Article 3, § 2 of the Federal Constitution; 28 U.S.C.A. § 41(1).

The question before us is not unlike that considered in David Lupton's Sons v. Automobile Club of America, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699, where it was held that the Federal court in New York was not deprived of jurisdiction to entertain a suit for breach of contract brought by a Pennsylvania corporation which had done business in New York contrary to its statutes which prohibited a foreign corporation from doing business therein without complying with certain prescribed conditions. The courts of New York had construed the statute not to invalidate a contract made by a corporation under such conditions, but merely to provide that no action on such a contract should be maintained in the courts of

the State. Holding that such a statute did not limit the jurisdiction of the Federal courts the Supreme Court said, 225 U.S. at pages 499, 500, 32 S.Ct. at page 714, 56 L.Ed. 1177, Ann.Cas.1914A, 699: "It must follow, * * * that the Lupton Company, whether or not it was doing a local business in New York, had the right to bring this suit in the Federal court. The state could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract."

Associate Justice Schenck held that the North Carolina statute under consideration was applicable (as to the courts of the State of North Carolina) to claims "secured by real estate in a State other than North Carolina." 220 N.C. 21, 16 S.E.2d 413, 136 A.L.R. 1054. This raises the interesting questions whether the statute as thus interpreted runs afoul of the full faith and credit clause of Article 4, § 1 of the Federal Constitution or the due process Clause of § 1 of the Fourteenth Amendment. We do not here pass upon these questions. See, Hartford Accident & Indemnity Co. v. Delta, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178; Broderick v. Rosner, 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100, 100 A.L.R. 1133; Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220; Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A. L.R. 701; John Hancock Mut. Life Ins. Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106; Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L. Ed. 1026, 82 A.L.R. 696; Alaska Packers Ass'n v. Industrial Accident Com'n, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

The very recent case of Guaranty Trust Co. of New York v. York, 325 U.S. ——, 65 S.Ct. 1464, decided by the Supreme Court June 18, 1945, after the argument in the pending case, has come to our attention. It holds specifically that an action which would be barred by a State statute of limitations, if brought in a State court, would also be barred if brought in a Federal court in equity in the same State under the provisions of the Federal statutes relating to diversity of citizenship. The burden of the decision, which follows the principle of Erie Ry. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, is that "since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State." [325 U.S. ——, 65 S.Ct. 1469] It will be noticed that the cause of action there under consideration arose under the law of the State in which the action was brought whereas in the pending case the cause of action was based upon a contract executed under the law of another State. We think, moreover, that the decision does not affect the rule that a State statute cannot restrict the jurisdiction of the Federal courts based on diversity of citizenship, and that the decision does not relate to the questions, discussed in the cases last cited, as to how far the public policy of a State may modify its obligations under the full faith and credit clause of the Federal Constitution or the due process clause of the Fourteenth Amendment.

The judgment of the District Court is affirmed.