IN THE MATTER OF: N.F. Minor Child.
No. COA09-734
Court of Appeals of North Carolina.
Filed: November 3, 2009
This case not for publication
Buncombe County Department of Social Services, by Matthew J. Putnam, for Petitioner-Appellee.
Ryan McKaig, for Respondent-Appellant Mother.
Michael N. Tousey, for Guardian ad Litem.
BEASLEY, Judge.
On 15 November 2007, the Buncombe County Department of Social Services (Petitioner) filed a petition alleging that N.F.[1] was an abused and neglected juvenile. On 15 May 2008, the trial court adjudicated N.F. an abused and neglected juvenile. Respondent appealed. On 19 September 2008, while Respondent's appeal was pending, DSS filed a petition to terminate Respondent's parental rights. On 6 January 2009, this Court filed an opinion affirming the judgment of the trial court. See In re N.F., ___ N.C. App. ___, ___ S.E.2d ___ (COA08-906, filed 6 Jan. 2009)(unpublished opinion). Pursuant to N.C.R. App. P. 32(b), the mandate of this Court was issued on 26 January 2009. On 2 March 2009, following hearings held on 21, 22 and 30 January 2009, and 9 February 2009, the trial court entered an order terminating Respondent's parental rights. Respondent appeals.
Respondent's sole argument is that the trial court lacked jurisdiction over the petition to terminate her parental rights because proceedings for termination of parental rights were conducted while there was a pending appeal from the adjudication order. We agree.
N.C. Gen. Stat. §7B-1003 (2007) states:
(b) Pending disposition of an appeal, unless directed otherwise by an appellate court or subsection (c) of this section applies, the trial court shall:
(1) Continue to exercise jurisdiction and conduct hearings under this Subchapter with the exception of Article 11 of the General Statutes; and
(2) Enter orders affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile.
Under N.C. Gen. Stat. §7B-1003(b), a trial court is divested of jurisdiction over petitions to terminate parental rights when there is a pending appeal. In re Z.J.T.B., 183 N.C. App. 380, 383, 645 S.E.2d 206, 209 (2007)(citing In re A.B., 179 N.C. App. 605, 608 n.2, 635 S.E.2d 11, 14 (2006)); see also In re K.L., ___ N.C. App. ___, ___, 674 S.E.2d 789, 794 (2009)("With the 2005 amendments, the General Assembly . . . expressly provid[ed] that the trial court lacks jurisdiction to conduct TPR proceedings following an appeal, whether DSS proceeds by a motion in the cause or begins a new action by filing a petition.")(citing N.C. Gen. Stat. § 7B-1003(b)(1)).
The guardian ad litem claims that N.C. Gen. Stat. §7B-1003(b) merely operates to stay all proceedings, rather than to divest the trial court of subject matter jurisdiction pending appeal. Thus, the guardian ad litem argues that it was permissible for the trial court to proceed with the termination hearing, so long as it did not enter the order terminating Respondent's parental rights until after this Court's mandate issued. The guardian ad litem further contends that "commencing termination proceedings without issuing an irrevocable termination order supports the purposes of the Juvenile Code as expressed in N.C. Gen Stat §7B-100(5) and §7B1-100(2) to achieve permanency at the earliest possible stage." Petitioner concurs that requiring the trial court to stop all progress towards securing permanence for N.F. is contrary to the legislature's intent as expressed in the Juvenile Code. We are not persuaded.
"In matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished. Legislative purpose is first ascertained from the plain words of the statute." Electric Supply Co. v. Swain Electrical Co., 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citation omitted)). "If the Legislature has used language of clear import, the court should not indulge in speculation or conjecture for its meaning. . . . Courts are not permitted to assume that the lawmaker has used words ignorantly or without meaning, unless compelled to do so to prevent a manifestly absurd result." Nance v. Southern R. Co., 149 N.C. 366, 371, 63 S.E. 116, 118 (1908).
N.C. Gen. Stat. §7B-1003(b) states that, "[p]ending disposition of an appeal, . . . the trial court shall . . . [c]ontinue to exercise jurisdiction and conduct hearings under this Subchapter with the exception of Article 11 of the General Statutes." N.C. Gen. Stat. 7B-1003(b)(1). Article 11 governs termination of parental rights. Therefore, in accordance with the plain language of the statute, the trial court shall not exercise jurisdiction over termination proceedings when an appeal is pending.
In the case sub judice, it is undisputed that the trial court presided over proceedings for termination of parental rights on 21 and 22 January 2009, prior to this Court's issuance of its mandate on 26 January 2009. "Our decisions appear to be uniform in holding an appeal to this Court removes a cause from the [trial] court which is thereafter without power to proceed further until the cause is returned by the mandate of this Court." Joyner v. Joyner, 256 N.C. 588, 591, 124 S.E.2d 724, 726 (1962) (emphasis added).
"Our General Assembly `within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State.'" In re T.R.P., 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006)(quoting Bullington v. Angel, 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941)). "`Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction.'" Id. (quoting Eudy v. Eudy, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by Quick v. Quick, 305 N.C. 446, 290 S.E.2d 653 (1982)). "`When the record clearly shows that subject matter jurisdiction is lacking, the [c]ourt will take notice and dismiss the action ex mero motu' in order to avoid exceeding its authority.'" In re J.T., 363 N.C. 1, 3, 672 S.E.2d 17, 18 (2009)(quoting Lemmerman v. A.T. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986)(citations omitted)). See also, Burgess v. Gibbs, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964):
A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity. If a court finds at any stage of the proceedings it is without jurisdiction, it is its duty to take notice of the defect and stay, quash or dismiss the suit. . . . "So, ex necessitate, the court may, on plea, suggestion, motion, or ex mero motu, where the defect of jurisdiction is apparent, stop the proceeding."
(quoting Branch v. Houston, 44 N.C. 85, 88 (1852) (other citation omitted).
We conclude that, because the trial court lacked jurisdiction, the proceedings were void ab initio, and the petition should have been dismissed. Accordingly, we vacate the trial court's order terminating Respondent's parental rights.
Vacated.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).
NOTES
[1] To protect the privacy of the minor, we refer to her in this opinion by her initials N.F.